UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON K. FLETCHER,

    Petitioner,

    v.                                     CAUSE NO. 3:19CV59-PPS/MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Jason K. Fletcher, a prisoner without a lawyer, seeks habeas corpus relief from his conviction for escape. After Fletcher pled guilty to the charge by way of a plea agreement, on November 10, 2016, the Allen County Superior Court sentenced him to 183 days of incarceration.

Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas corpus petitions are subject to a strict one-year statute of limitations. The statute of limitations for habeas corpus cases is set forth in 28 U.S.C. § 2244(d) and provides for four possible dates from which the limitation period begins to run. That provision states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Question number nine in Fletcher's petition asks him to explain why his petition is timely. In response, he wrote, "I was told I had to wait a y[ea]r after I 'cleared' the A-108 write up by the law library clerk who works for Westville." ECF 4-2 at 5. Neither this answer nor the claims raised in Fletcher's petition indicate that they are based on newly discovered evidence or a newly recognized constitutional right. There is also no indication that a state-created impediment prevented him from filing his federal petition on time. While Fletcher suggests that an employee of Westville's law library led him to believe he could not file his petition before a year had passed, this is not a state created impediment as defined by 28 U.S.C. § 2244(d)(1)(B) because the law library clerk's advice did not actually *prevent* him from filing his petition in a timely manner. *Lloyd v. Vannatta*, 296 F.3d 630, 633 (7th Cir. 2002) ("[T]he plain language of the statute

makes clear that whatever constitutes an impediment must *prevent* a prisoner from filing his petition.") (emphasis in original). Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), the one-year period of limitation began on the date when the judgment became final upon the expiration of the time for seeking direct review of his conviction and sentence.

Fletcher was found guilty and sentenced on November 10, 2016. ECF 4-2 at 1. He did not file a direct appeal. *Id*. The deadline for doing so was December 12, 2016. *See* Indiana Rules of Criminal Procedure 19 and Indiana Rules of Appellate Procedure 9.A.(1) (a notice of appeal must be filed within 30 days); Indiana Rules of Criminal Procedure 21 (trial and appellate rules apply in criminal cases unless they conflict with a criminal rule); Indiana Rules of Trial Procedure 6(A) ("[t]he period runs until the end of the next day that is not a Saturday, a Sunday, a legal holiday, or a day on which the office is closed"); Indiana Rules of Appellate Procedure 25.B. (same method of computing the last day); and *Gonzalez v. Thayer*, 565 U.S. 134, 150 (2012) (when a state prisoner does not complete all levels of direct review, his conviction becomes final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for seeking such review expires). Therefore, the one-year statutory period of limitations began on December 13, 2016, and ended one year later. Because his habeas corpus petition was not signed until more than two years after that (on January 14, 2019), it is untimely. ECF 2 at 3.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must

3

show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As explained, the petition was not timely filed. Nothing before the court suggests that reasonable jurists could debate the correctness of this procedural ruling or find a reason to encourage this case to proceed further. The court declines to issue a certificate of appealability.

ACCORDINGLY, the court:

(1) DISMISSES the habeas petition (ECF 4-2) because it is untimely;

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Jason K. Fletcher a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11.

SO ORDERED on July 31, 2019.

    /s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT